**Cassell Building Corporation v. Rice**

*Charles F. Lieberman,* for plaintiff.
*James V. Fareri,* for defendants.

THOMSON JR., *P.J.*, April 30, 1986 — This matter is before the court on defendants' preliminary objections to plaintiff's complaint. Defendants seek a motion to strike for improper service and for a foreign corporation not being registered to do business in Pennsylvania.

On November 19, 1985, plaintiff filed a mechanics' lien claim. The mechanics' lien was served on defendants and they timely filed preliminary objections to the mechanics' lien claim. Argument on this matter was held on January 27, 1986. This matter was then taken under advisement.

The first issue for resolution is whether or not defendants were properly served. Under rule 404 (2), we find that service outside of the commonwealth can be effectuated, "by any competent adult by mail in the manner provided by rule 403." Rule 403 delineates service by mail. It appears that service outside the commonwealth is permissible by certified mail, return receipt requested. Nonetheless, defendants are fully aware that a lawsuit has been filed against them. The purpose of the service rules are to insure that persons inside and outside the commonwealth have proper service. It is obvious that this requirement has been fulfilled and therefore, defendant's motion to strike in this regard shall not be granted.

The next issue for court determination is whether or not the mechanics' lien claim should be stricken as plaintiff, at the time of filing the mechanics' lien, was not registered to do business within the commonwealth of Pennsylvania. Plaintiff cites *National Bank of West Chester v. Colasante,* 51 D.&C.2d 733 (1971). This case states:

"Plaintiff is not required to allege that it is registered as a foreign corporation unless the pleadings as a whole disclose a necessity, therefore: *Cheerio Toys and Games Inc. v. Dunbar*, 33 Erie 114. From the averments in the complaint, it is apparent that plaintiff has come into Pennsylvania solely to collect a debt under a promissory note executed in New York by defendant, a resident of Pennsylvania. A foreign corporation need not register in Pennsylvania in order to bring action in assumpsit for the collection of a debt."

The facts in the instant case are not too far afield from these facts. Plaintiff contends that defendants and plaintiff entered into a contract on August 23, 1984, for certain work and materials. Plaintiff contends that it completed such work and it is still owed a debt of some $4,000 on the contract price which was agreed upon. It appears that whether or not plaintiff is a registered corporation in this commonwealth is irrelevant as to whether or not a debt is owed to that corporation. It would be manifestly unfair for defendants to avoid their debt or contractual obligation merely because the foreign business was not registered within the commonwealth of Pennsylvania. It appears that defendants did not object to this lack of registration at the time of their contracting.

In reviewing the admission of foreign business corporations under 15 Penna Section 200 B, we find that:

". . . a foreign business corporation should not be considered to be doing business in this commonwealth for the purposes of this section . . . by reason of carrying on in this commonwealth any one or more of the following activities: (5) effecting sales through independent contractors; (8) collecting

debts and enforcing mortgages and rights and properties securing the same; . . . ."

The instant case involves an independent contractor who is contending, that it is owed a debt for which it is trying to collect. Therefore, it appears that the statute does not require foreign business corporations to register under these circumstances.

*National Bank of West Chester*, Id. at 734, further states, "Moreover, we share the view that absence of registration is a defense to be pleaded in the answer:" *Lever Bros. Company v. Pugliese*, 42 Luz. L.R. 153 (1952), "We too believe that such an allegation should be pleaded in the answer and not grounded in preliminary objections, if in fact, defendants believe that this is a defense which would release them from their contractual liability." This defense was presented on preliminary objection which appears to be procedurally incorrect. For that reason, we shall deny defendant's preliminary objections.

### ORDER

And now, this April 30, 1986, defendant's preliminary objections are hereby denied.